# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

IN RE:

ANA HILDA GONZALEZ CASTRO

DEBTOR

CASE NO. 09-06866 (SEK)

CHAPTER 13

## MOTION TO SET ASIDE DISMISSAL ORDER OF NOVEMER 1, 2010

**TO THE HONORABLE COURT:**

Comes now Debtor, represented by the undersigned attorney, and respectfully states, alleges and prays as follow:

1. On August 20, 2009, the above captioned debtor(s) filed the bankruptcy petition in the above-captioned matter.

2. Debtor's amended plan dated May 6, 2010, as amended in open court, was confirmed on May 11, 2010. See dockets 42 and 43, respectively.

3. The confirmed plan provided, inter alia, to cure the mortgage loan pre-petition arrears and costs with R&G Mortgage Corporation ("R&G") through the plan, while maintaining post petition regular direct installments directly to R&G as these became due.

4. On September 23, 2010, R&G filed with the Court a motion to dismiss the case because debtor failed to comply with the terms of the plan by owing such creditor "the sum of $2,630.04 (8/10 thru 9/10 + LC + LFees) in post petition arrears."

5. Upon debtor's failure to respond and show evidence to the contrary, on November 1, 2010, the Honorable Court entered and order dismissing the instant case.

6. The Order Dismissing Case was served to all parties in interest on November 3, 2010 (docket 52), therefore, this motion for relief of the order of dismissal is timely, under the purview of Fed. R. Bankr. P. 9023 and 9024.

7.   The petitioner has produced the evidence to demonstrate that the post petition arrearage alleged by R&G as cause for the dismissal has been cured within the thirty days period following the request for dismissal.  See Exhibit 1, attached.

8.   The table below illustrates the timetable of the events occurred:

| R&G's Motion To Dismiss | Filed on September 23, 2010 |
| --- | --- |
| Debtor's August 2010 payment to R&G (Due on 8/01/2010) | Paid on August 16, 2010 (**timely**) at R&G Premier Bank of PR, Carolina - 65th Infantry Branch, Teller #4 |
| Debtor's September 2010 payment to R&G (Due on 8/01/2010) | Paid on October 04, 2010 (**tardy**) at Scotiabank of PR, Plaza Escorial Branch, Teller #9 |
| Debtor's October 2010 payment to R&G (Due on 9/01/2010) | Paid on October 15, 2010 (**timely**) at Scotiabank of PR, Plaza Escorial Branch, Teller #9 |
| 30 Days Period to Cure and Respond (Due on 10/26/2010 – FRBP 9006(f)) | Post-petition mortgage arrears alleged as cause for the dismissal were current by 10/15/2010; eleven (11) days before the 30-day period to respond and show cause elapsed. |

9.   The undersigned attorney for respectfully submits that Debtor's omission to provide the evidence that would otherwise make R&G's motion to dismiss moot, resulted in an outcome contrary to the interest of justice.

10.   As of the date of filing this motion, Debtor is up to date with the payments to the Trustee, having paid the fourteen (14) monthly plan payments that have become due since the filing the petition on August 20, 2009.  The next plan payment period is due on November 19, 2010.

9. On one hand, Rule 9023 of Bankruptcy procedure makes applicable Rule 59 of Federal Civil Procedure, to amend or alter judgment.

10. It is well-settled that "Federal Rule of Civil Procedure 59(e) grants bankruptcy courts license to reconsider orders and judgments after their entry." <u>Ellenberg v. Bd. of Regents of Univ. Sys. of Georgia</u>, (In re Midland Mech. Contractors, Inc.), 200 B.R. 453, 453 (Bankr. N.D. Ga. 1996) (citations omitted).

11. The court "has considerable discretion in reconsidering an issue." <u>Maynard v. Veneman</u>, 338 F. Supp.2d 268, 270 (citing <u>Sussman v. Salem</u>, 153 F.R.D.689, 694 (M.D. Fla. 1994)); <u>Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.</u>,763 F.2d 1237, 1238-39 (11th Cir. 1985); see also <u>In re Quality Stores, Inc.</u>, 272 B.R. 1, "Fed. R. Civ. P. 59(e) is made applicable in bankruptcy by Fed. R. Bankr. P. 9023.3643, 649 (Bankr. W.D. Mich. 2002) (noting that decisions under Rule 59(e) 'rests within the sound discretion of the trial court')."

12. On the other hand, Rule 9024 of Bankruptcy procedure makes applicable Rule 60 of Federal Civil Procedure, and the same states in paragraph **(b)**:

> "On motion and upon such terms as are just, the court may relieve a party or party's legal representative from final judgment, order or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (3) misrepresentation...by an opposing party [August 2010 was timely paid by Debtor to R&G, well in advance of date the motion to dismiss filed];
>
> (6) any other reason justifying relief.
>
> **(c) (1) Timing.** The motion shall be made within reasonable time and for reasons (1), (2) and (3) not more than one year after the judgment, order of proceeding was entered or taken."

13. This motion is being filed thirteen days after the Order Dismissing Case was entered, yet only ten days after its certificate of service was entered on docket.

14. It is respectfully submitted that the best interest of Debtor, R&G, and all other creditors is best served if the order dismissing case is set aside.

15. No delay, harm or right will be prejudiced to any creditor should this Honorable Court vacates the order, reconsiders the dismissal, and reopens the case to allow Debtor to continue performing under the terms of the confirmed plan dated May 5, 2010, as amended in open court.

**WHEREFORE** the undersigned attorney for Debtor hereby prays from this Honorable Court to take Vacate the Order Dismissing Case issued and entered yesterday, December 1, 2009 (Docket 14), and allow Debtor the opportunity to file the required schedules and plan on or before next Friday, December 4, 2009.

**RESPECTFULLY SUBMITTED.**

## NOTICE

Parties in interest are hereby granted thirty (30) days from the date of notice to oppose the motion and request a hearing. If no opposition is filed within the prescribed period of time the Court will enter an order granting the motion upon the filing of a certificate by the movant that adequate notice was given. Should an opposition be timely filed the Court will schedule the motion for a hearing as contested matter.

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF Filing System which will send a notification, upon information and belief, of such filing to the Chapter 13 Trustee and to all subscribed users. We

Case No. 09-06866 (SEK)
Page 5
-----------------------------------------

will serve by regular mail this document to any creditor as per the master address list of record

upon knowing that they are non CM/ECF participants.

    In San Juan, Puerto Rico, this 13nd day of November, 2009.

S/JOSE L. JIMENEZ QUINONES
José L. Jiménez Quiñones, Esq.
JIMENEZ QUINONES LAW OFFICE, PSC
USDCPR 203808
268 AVE. PONCE DE LEON
Suite 1118
San Juan, P.R. 00918-2007
TEL: 787-282-9009
FAX: 1-866-326-9416
jljimenez11@gmail.com
jimenezlawoffcie@gmail.com
